IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1858-L |
| | § | (3:00-CR-0389-L(03)) |
| KEVIN DEWAYNE SPENCER, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 19, 2005. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On December 14, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Defendant Kevin Dewayne Spencer ("Spencer" or "Defendant") filed Objections to the Magistrate's Report and Recommendation in the Above Captioned Case ("Objections") on December 29, 2005.

On April 26, 2002, a jury found Spencer guilty of securities fraud, interstate transportation of stolen property, wire fraud, money laundering, and engaging in monetary transactions in property derived from specified unlawful activity. He was sentenced on February 18, 2003 to 78 months confinement, followed by supervised release for three years. His conviction and sentence were affirmed on direct appeal.[*] On September 19, 2005, Spencer filed this § 2255 motion. As grounds for relief, he asserts that (1) his attorney was ineffective for failing to file a motion to dismiss the

---

[*] *United States v. Dale*, 374 F.3d 321 (5th Cir.), *cert. denied*, 543 U.S. 993 (2004).

**Memorandum Opinion and Order – Page 1**

indictment for lack of subject matter jurisdiction; (2) his sentence was enhanced based on facts not submitted to the jury or proved beyond a reasonable doubt in violation of the Sixth Amendment to the United States Constitution; and (3) the combination of these errors deprived him of a fair trial and he is entitled to relief under the cumulative error doctrine.

The magistrate judge found that the indictment was not defective, and, therefore, Spencer's counsel was not ineffective for failing to seek dismissal of the indictment on jurisdictional grounds. The magistrate judge also found that Spencer's claim that the enhancement of his sentence based on facts not submitted to a jury or proved beyond a reasonable doubt violated the Sixth Amendment fails, as such claims are not cognizable on collateral review. Specifically, Spencer brings this claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *Booker*, however, does not apply retroactively to cases on collateral review, but only to cases on direct review. *Id.* at 268; *United States v. Gentry*, 432 F.3d 600, 602 (5th Cir. 2005). Regarding Spencer's final claim, the magistrate judge determined that, because Spencer failed to establish any error in the conduct of his criminal trial, he is not entitled to relief under the cumulative error doctrine. The magistrate judge recommends that the court deny Spencer's motion to vacate, set aside, or correct sentence.

In his Objections, Spencer contends that the magistrate judge mischaracterizes the issues in his motion. Spencer reiterates his arguments to support his claim that the indictment was defective and that he received ineffective assistance of counsel. He also asserts that *Booker* should be applied retroactively to this case. Spencer further contends that the cumulative error doctrine applies here because of the defects in the indictment.

Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Defendant's objection thereto, the court determines that the findings

**Memorandum Opinion and Order – Page 2**

of the magistrate judge are correct. They are therefore **accepted** as those of the court. Defendant's Objections are **overruled**. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **denied,** and this action is **dismissed with prejudice**.

**It is so ordered** this 28th day of February, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge